UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LIONEL MONTALVO,

    Petitioner,

v.    Case No. 07-C-707

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

Petitioner Lionel Montalvo filed a motion to vacate his sentence under 28 U.S.C. § 2255. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2255 Cases, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, Rules Governing § 2255 Cases.

In his petition, Montalvo makes the bare allegation that his counsel failed to file an appeal even though he requested one following his sentencing hearing. Although he has not stated any issues he would have appealed (he pleaded guilty), that is not necessarily fatal to his claim. The prejudice alleged is not that he would have *won* his appeal, but merely that he would have *filed* an appeal. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Roe v. Flores-Ortega,* 528 U.S. 470, 484 (2000).

"When counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would likely have had merit." *Id.* at 477 (citation omitted). *See also Bednarski v. United States,* 481 F.3d 530, 535 (7th Cir. 2007) (distinguishing failure-to-consult case from case where attorney disregards specific instruction to file appeal). Here, because the petitioner alleges that his attorney ignored his request to file an appeal, he states a claim for relief; the respondent will be ordered to answer.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2255 Cases, and showing cause, if any, why the writ should not issue and why an evidentiary hearing should not be scheduled.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated this   8th   day of August, 2007.

           s/ William C. Griesbach
           William C. Griesbach
           United States District Judge