UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LIONEL MONTALVO,

    Petitioner,

v.                                         Case No. 07-C-707

UNITED STATES OF AMERICA,

    Respondent.

**DECISION AND ORDER**

      Lionel Montalvo filed a motion seeking post-conviction relief under 28 U.S.C. § 2255. In his motion he asserts his trial counsel was ineffective for failing to file an appeal despite his repeated requests. In a Rule 4 order, I noted that counsel's failure to appeal could constitute ineffective assistance regardless of the appeal's chance of success on the merits. I ordered the United States to respond to the motion, and briefing is now complete. Based on the record, I conclude that the petitioner's claims are wholly unsupported and that the motion should therefore be denied.

      On September 13, 2006, following his guilty plea, I sentenced Montalvo to 188 months in prison, followed by 8 years of supervised release – the low end of the guideline range. I advised Montalvo of his appeal rights, and he indicated that he understood those rights. He now asserts that he vocalized a request to appeal in open court and states that he also told his attorney he wished to appeal.

The recording of the sentencing hearing does not contain any suggestion that Montalvo expressed a desire to appeal his case. Montalvo expresses frustration with the government because it has failed to include a copy of the transcript in the record, but this court is satisfied, based on its own review of the proceedings, that Montalvo did not vocalize any intent to appeal during the sentencing hearing. Moreover, an affidavit filed by Montalvo's attorney, Jennifer Gaecke, indicates conclusively that an appeal was never pursued. It was not as though Gaecke simply lost contact with Montalvo, either – she met with and communicated with him several times during the week of his sentencing, and never did she receive direction to appeal. This is not surprising – Montalvo's guilty plea eliminated many of the conceivable bases for an appeal, and even now he has not proffered any plausible basis for seeking an appeal. *Sarroca v. United States,* 250 F.3d 785, 788 (2d Cir. 2001) ("the fact that he pleaded may be considered as another factor indicating that Sarroca sought an end to the judicial proceedings.") In short, the circumstances surrounding his case, combined with the testimonial evidence of Montalvo's attorney, show conclusively that no appeal was pursued and that constitutionally sound representation did not demand an appeal. Accordingly, I conclude that an evidentiary hearing would be futile and that Montalvo is not entitled to the relief he seeks.

The motion for relief under § 2255 is **DENIED**, and the case is **DISMISSED**.

Dated this   15th   day of November, 2007.

  s/ William C. Griesbach
William C. Griesbach
United States District Judge

2

Case 1:07-cv-00707-WCG   Filed 11/15/07   Page 2 of 2   Document 9